# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| SIMONE WOODBERRY, | ) | CASE NO. 1:15-cv-2222 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | |
| COMMISSIOINER OF SOCIAL SECURITY, | ) | MEMORANDUM OPINION AND ORDER |
| | ) | |
| DEFENDANT. | ) | |

This matter is before the Court on the motion of plaintiff for an award of attorney fees pursuant to 42 U.S.C. § 406(b) in the amount of $6,545.00. (Doc. No. 25 ["Mot."].) The defendant has responded that the Commissioner does not oppose the motion. (Doc. No. 26.) For the reasons that follow, the motion is granted.

**A. Background**

Plaintiff filed this action on October 29, 2015, seeking review of the Commissioner of Social Security's denial of her application for social security disability benefits. (Doc. No. 1.) The Court adopted the unopposed report and recommendation of the magistrate judge vacating the Commissioner's decision and remanding the matter to the Commissioner for further proceedings. (Doc. Nos. 19 and 20.)

Subsequently, the Court granted the parties' stipulation and petition for an award of attorney fees under the Equal Access to Justice ("EAJA") (28 U.S.C. § 2412) in the

amount of $3,650.00. (Doc. Nos. 23 and 24.) The instant motion seeks attorney fees pursuant to 42 U.S.C. § 406(b) in the amount of $6,545.00.

**B. Discussion**

**1. Attorney fee awards under § 406(b)**

Under 42 U.S.C. § 406(b)(1), following a favorable judgment on a Social Security disability appeal, the Court may award attorney fees not in excess of 25% of the past-due benefits received by the claimant. *Michelle R. Boggs v. Comm'r of Soc. Sec.,* No. 2:14-CV-613, 2017 WL 3608249, at *1 (S.D. Ohio Aug. 21, 2017) (citing 42 U.S.C. § 406(b)(1); *Lowery v. Comm'r of Soc. Sec.,* 940 F. Supp. 2d 689, 691 (S.D. Ohio 2013)). Section 406(b)(1) places a 25% cap on the amount of fees recoverable, and requires that the fee award be reasonable in light of services rendered. *Id.* (citing 42 U.S.C. § 406(b)(1); *Gisbrecht v. Barnhart*, 535 U.S. 789, 807, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002)).

Sixth Circuit "precedent accords a rebuttable presumption of reasonableness to contingency-fee agreements that comply with § 406(b)'s 25–percent cap." *Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 309 (6th Cir. 2014) (citing *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 421 (6th Cir. 1991); *Rodriquez v. Bowen,* 865 F.2d 739, 746 (6th Cir. 1989) (en banc)). Deductions to large fees are only made in two situations: "1) those occasioned by improper conduct or ineffectiveness of counsel; and 2) situations in which counsel would otherwise enjoy a windfall *because of either an inordinately large benefit award or from minimal effort expended.*" *Hayes*, 923 F.2d at 420-421 (emphasis added in original) (quoting *Rodriquez*, 865 F.2d at 746). The Sixth Circuit has

held that "a windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market." *Id.* at 422 (footnotes omitted). If the above two situations are not applicable to a § 406 fee petition, then "an agreement for a 25% fee, the maximum permitted under § 206(b) of the Social Security Act, 42 U.S.C. § 406(b), is presumed reasonable." *Id.* at 421.

**2. Analysis**

Plaintiff entered into a fee agreement with counsel whereby she agreed to pay her attorney 25% of all past-due benefits awarded in agency proceedings if the Social Security Administration rendered a favorable decision after proceedings in federal court. (*See* Doc. No. 25-2 at 1753.) Plaintiff was awarded past-due social security benefits after remand to the Commissioner by order of this Court, and the Commissioner withheld $12,859.25—25% of the past-due amount—for payment of attorney fees.[1] (Doc. No. 25-1 at 1748.)

---

[1] According to the motion, the Notice of Award was issued to plaintiff's counsel on August 12, 2017. (Mot. at 1738.) Section 406 contains no deadline for seeking attorney fees thereunder, and the Sixth Circuit has not addressed the issue. Defendant has not objected that the motion is untimely. In light of the existing case law on this issue, the Court considers the motion, filed 10 days after the Notice of Award, to be timely filed. *See Ferry v. Comm'r of Soc. Sec.*, No. 1:13-CV-482, 2016 WL 4471672, at *2-3 (S.D. Ohio Aug. 4, 2016) (discussing authority), *report and recommendation adopted,* No. 1:13CV482, 2016 WL 4447819 (S.D. Ohio Aug. 24, 2016); *Ritchie v. Comm'r of Soc. Sec.*, No. 1:07CV991, 2014 WL 814772, at *3 (N.D. Ohio Feb. 28, 2014).

Plaintiff seeks a fee award of $6,545.00. There is no evidence of improper conduct or ineffective representation by counsel in this case. The Court will next consider whether this amount constitutes a windfall to plaintiff's counsel that would support a reduction of the amount requested.

Plaintiff has submitted a time sheet documenting 18.70 hours expended by her counsel in connection with the federal court litigation (Doc. No. 25-3), and plaintiff's counsel (an experienced attorney) submitted an affidavit stating that $350.00 is the hourly normally charged in social security disability cases (Doc. No. 25-4). The fee award sought equals the normal hourly rate of plaintiff's counsel multiplied by the number of hours expended by counsel in the federal court litigation. Other courts in the Northern District of Ohio have determined that an hourly rate of $350.00 "is an appropriate upper limit in awarding attorney fees pursuant to § 406(b)." *Hayes v. Comm'r of Soc. Sec.*, No. 1:13CV2812, 2015 WL 4275506, at *3 (N.D. Ohio July 14, 2015) (collecting cases). Moreover, the fee award sought does not exceed the 25% cap set forth in § 406(b) or the 25% fee amount agreed to by plaintiff. Thus, the Court concludes that $6,545.00 does not constitute a windfall to counsel and is reasonable. *See Hayes*, 923 F.3d at 421-22.

As plaintiff's counsel points out, the Court has already awarded attorney fees in this case under the EAJA in the amount of $3,650.00. As plaintiff's counsel further concedes, she may not receive fees under both statutes. *Bowman v. Colvin*, No. 1:09 CV 248, 2014 WL 1304914, * 2 (N.D. Ohio Mar. 27, 2014) (citing *Jankovich v. Bowen,* 868 F.2d 867, 871, n. 1 (6th Cir. 1989)) (further citation omitted). If fees are awarded under

both the EAJA and § 406(b), the plaintiff's attorney must return the lesser amount to plaintiff. *Gisbrecht*, 535 U.S. at 796 (citation to statute omitted).

**C. Conclusion**

For all of the foregoing reasons, plaintiff's motion for an attorney fee award pursuant to § 406(b) is granted. When counsel for plaintiff receives the $6,545.00 awarded here under § 406(b)(1), plaintiff's counsel shall remit the previously awarded EAJA fee of $3,650.00 to plaintiff.

**IT IS SO ORDERED**.


Dated: September 5, 2017

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**